**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

**KHYBER HOLDINGS, LLC,**

**Plaintiff,**

**v.** **3:12-CV-04067-M-BK**

**BAC HOME LOANS SERVICING, LP,**

**Defendant.**

**FINDINGS, CONCLUSION AND RECOMMENDATION**

This case has been referred to the undersigned for pretrial management. (Doc. 7). The cause is now before the Court on Defendant's *Motion for Judgment on the Pleadings*. (Doc. 14). For the reasons that follow, the Court recommends that the motion be **GRANTED**.

## I. PROCEDURAL HISTORY

In August 2012, Plaintiff filed this complaint in state court, alleging that in June 2011, Defendant wrongfully foreclosed on a condominium that Plaintiff purported to own. (Doc. 1-2 at 6, 9-11). Plaintiff also requested that the Court (1) declare that the assignment of the deed of trust was void; (2) declare that the Mortgage Electronic Registration System ("MERS") did not have the authority to assign the note to Defendant; and (3) remove Fannie Mae from the property deed and quiet title in Plaintiff's name. *Id.* at 11. Defendant removed this action to federal district court in October 2012 based on diversity jurisdiction. (Doc. 1 at 2-3).

Defendant now has filed a *Motion for Judgment on the Pleadings* pursuant to Federal Rule of Civil Procedure 12(c). (Doc. 14). Defendant argues that (1) Plaintiff's suit is barred by res judicata and collateral estoppel due to the entry of judgment against Plaintiff in a prior Texas state court case; (2) the complaint fails to state claim on which relief can be granted; and (3)

Plaintiff's various attacks on the method by which the property was foreclosed are meritless. *Id.* at 11-22.

Plaintiff responds that its suit is not barred by the doctrine of res judicata because (1) Plaintiff now seeks declaratory relief that it did not request in its first action involving the subject property; and (2) the prior judgment was for Fannie Mae and involved a determination that the foreclosure sale of the property was valid. (Doc. 21 at 3-4). Additionally, Plaintiff contends that it is not collaterally estopped from bringing the current suit because its first court action sought a temporary restraining order ("TRO") in a forcible detainer suit filed by Fannie Mae, whereas the current litigation is based on the wrongful foreclosure conducted by the instant Defendant. *Id.* at 5-6. Further, Plaintiff raises various procedural challenges to the manner in which the foreclosure sale was conducted, mainly focusing on the utilization of MERS in the transaction. *Id.* at 6-19. Defendant replies that res judicata bars Plaintiff's current claims even though the claims and defendants are not identical to Plaintiff's original state court action because the two cases share the same nucleus of operative facts.[1] (Doc. 22 at 1-5).

## II. APPLICABLE LAW

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." A Rule 12(c) motion "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d

[1] On March 31, 2013, Plaintiff impermissibly filed a sur-reply brief without first obtaining leave of court (Doc. 23). The Court nevertheless has considered the arguments raised therein and finds them all to be meritless.


305, 312 (5th Cir. 2002) (quotation omitted). "[T]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Id.* (quotation omitted). The court must construe pleadings liberally, and judgment thereon is only appropriate if there are no disputed issues of fact and only questions of law remain. *Id.* In analyzing the plaintiff's complaint, the court must accept all well-pleaded factual allegations as true and view them in the light most favorable to the plaintiff. *Id.* at 312-13.

The pleading standard for a Rule 12(c) motion is the same as for a motion to dismiss under Rule 12(b)(6). *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). A court ruling on a Rule 12 motion may rely on the complaint, documents properly attached to the complaint or incorporated into the complaint by reference, and matters of which a court may take judicial notice. *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (discussing Rule 12(b)(6)); *see also* FED. R. EVID. 201(b) (providing that a court may take judicial notice of a fact that is not subject to reasonable dispute because it is either "(1) generally known within the trial court's territorial jurisdiction, or (2) can be accurately and readily determined by resort to sources whose accuracy cannot reasonably be questioned."); *Taylor v. Charter Medical Corp.*, 162 F.3d 827, 831 (5th Cir. 1998) (noting that the district court could take judicial notice of a judgment entered in a different case for the limited purpose of taking as true the action of the court in entering the judgment).

Because the prior judgment at issue is from a Texas state court, this Court must give that judgment the preclusive effect it would be given under Texas law. *EEOC v. Jefferson Dental Clinics, PA*, 478 F.3d 690, 694 (5th Cir. 2007). In Texas court, a party seeking to have an action dismissed based on *res judicata* must show (1) a prior final judgment on the merits by a court of

competent jurisdiction; (2) that the same parties, or those in privity with them, were involved in the prior case; and (3) that the second action is based on the same claims that were raised or that could have been raised in the first action. *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996). Parties can be in privity in at least three ways: (1) they can control an action even if they are not parties to it; (2) their interests can be represented by a party to the action; or (3) they can be successors in interest, deriving their claims through a party to the prior action. *Id.* at 653.

"The scope of res judicata is not limited to matters actually litigated; the judgment in the first suit precludes a second action by the parties . . . not only on matters actually litigated, but also on causes of action or defenses which arise out of the same subject matter and which might have been litigated in the first suit." *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 630 (Tex. 1992). Texas courts apply the "transactional" approach to determine whether a second action is based on the same claims as the first action. *Id.* at 630-31. Under this approach, the subject matter of the suit is determined based on the factual matters that make up the gist of the complaint, and any claim that arises out of those facts should be litigated in the same lawsuit. *Id.*

Thus, an employee's state law action for wrongful discharge and his subsequent federal action based on discrimination were successive actions arising out of the same transaction, and the federal action was barred by *res judicata*. *Hogue v. Royse City, Tex.*, 939 F.2d 1249, 1253-54 (5th Cir. 1991); *see also Jeanes v. Henderson*, 688 S.W.2d 100, 103 (Tex. 1985) (stating that res judicata prevents a plaintiff from "splitting" his cause of action and subsequently asserting claims that could have been litigated in the first instance). A different cause of action, as required to avoid the *res judicata* bar, is "one that proceeds not only on a sufficiently different legal theory but also on a different factual footing." *Flores v. Edinburg Consol. Indep. Sch. Dist.*, 741 F.2d

773, 777 (5th Cir. 1984).

## III. ANALYSIS

In this case, Plaintiff does not dispute that the first prong of the *res judicata* test has been met, namely a prior final judgment on the merits by a competent court. *Amstadt*, 919 S.W.2d at 652. Instead, its focus is on the second and third prongs, specifically whether the same parties, or their privies, were involved in the prior case and whether the facts involved in both cases are sufficiently similar. The Court concludes that both elements are satisfied here.

The undersigned begins the privity analysis by first examining the interests shared by Defendant and Fannie Mae to determine whether they share an identity of interests in the basic legal right that is the subject of litigation. *Amstadt*, 919 S.W.2d at 653. In August 2011, Plaintiff filed a petition in state court against Fannie Mae regarding the same property involved in the present suit, contending that Plaintiff owned the property, BAC Home Loans Servicing had foreclosed on the property in June 2011, and Fannie Mae had purchased the foreclosed property by way of an allegedly void deed.[2] (Doc. 14-2 at 3-6). In that case, Plaintiff claimed that Fannie Mae had filed a forcible detainer action against it under a separate case number, and Plaintiff sought a TRO to prevent Fannie Mae from dispossessing Plaintiff of the property. *Id.* at 8. As further relief, Plaintiff requested that the state court declare that (1) the assignment of the deed of trust was void; (2) MERS did not have the authority to assign the note to BAC; and (3) title be removed from Fannie Mae's name and quieted in Plaintiff's favor. *Id.* at 10-11. In September 2012, the state court granted Fannie Mae's motion for summary judgment, holding that the

[2] Defendant has attached the state court pleadings to its dismissal motion, and the Court takes judicial notice of them. *See* FED. R. EVID. 201(b); *Taylor*, 162 F.3d at 831.

foreclosure sale on the subject property was "valid and enforceable." *Id.* at 45-46.

On these facts, it is clear that Defendant and Fannie Mae had an identical interest in asserting their right to exercise dominion over the subject real property, superior to any rights Plaintiff may have had, in that Defendant foreclosed on the property, and Fannie Mae purchased the property at the foreclosure sale. Thus, it is readily apparent that Defendant and Fannie Mae are in privity. *Amstadt*, 919 S.W.2d at 653.

The Court next considers whether the facts involved in both the state case and this case are sufficiently similar. *Id.* Again, it is clear that they are. The state case and this case involve the same property and the same foreclosure transaction. Further, Plaintiff seeks the same relief, which is to have the assignment of the deed declared void, to have the foreclosure set aside, and to be declared the rightful owner of the property. *Compare* Doc. 1-2 at 11 (federal complaint) *with* Doc. 14-2 at 10-11 (state petition). In the present case, Plaintiff has merely sued the party that sold the property at the foreclosure sale rather than the party that purchased the property, but Plaintiff could have sued both parties in the state court action. *Jeanes*, 688 S.W.2d at 103. The state court has already held that the foreclosure of this property was valid and enforceable, and Plaintiff is not entitled to relitigate that issue. This case is barred by the doctrine of res judicata and should be dismissed with prejudice for that reason.

## IV. CONCLUSION

For the above reasons, Defendant's *Motion for Judgment on the Pleadings* (Doc. 14) should be **GRANTED**, and this case should be **DISMISSED**.

**SO RECOMMENDED** on April 1, 2013.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE